UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANEKA KNEELAND,

      Plaintiff,

                                   Case No. 25-cv-12761

v.                               Honorable Linda V. Parker

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.

      Defendants.
_____/

**OPINION AND ORDER**
**ADOPTING MAGISTRATE JUDGE'S APRIL 28, 2026 REPORT AND**
**RECOMMENDATION, DENYING WITHOUT PREJUDICE**
**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, AND**
**REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

Plaintiff initiated this pro se action against Defendants on September 2, 2025, alleging violations of the Fair Credit Reporting Act.  (ECF No. 1.) Defendants thereafter filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (ECF No. 24.)  The matter has been referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 7.)

1

On April 28, 2026, Magistrate Judge Patti issued a Report and Recommendation (R&R), in which he recommends granting Plaintiff leave to file an amended complaint and denying without prejudice Defendants' motion for judgment on the pleadings.  (ECF No. 30.)  At the conclusion of the R&R, Magistrate Judge Patti informs the parties that they must file any objections to the R&R within fourteen days.  Plaintiff filed objections on May 18.  (ECF No. 31.)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In her objections, Plaintiff asserts that the deficiencies in her initial complaint, which Magistrate Judge Patti discusses in the R&R, can be cured

2

through an amendment.  Plaintiff then proceeds to discuss how some of those deficiencies can be cured.  Embedded within the objections is a motion for leave to file an amended complaint, although as Magistrate Judge Patti informed Plaintiff in the R&R, it is procedurally improper to combine a motion "with any other stand-alone document."  (ECF No. 30 at PageID.161 (citing E.D. Mich. LR 5.1(e)(1), 7.1(i).)

Plaintiff's objections are frivolous, as Magistrate Judge Patti in fact recommends allowing her to file an amended pleading.  She identifies no other alleged error in the R&R.  For those reasons, the Court is rejecting her objections and adopting the R&R.

Accordingly,

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings (ECF No. 24) is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file an amended complaint.  Plaintiff shall file the amended pleading within **twenty-one (21) days** of this Opinion and Order.[1]

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 15, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 15, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[1] Magistrate Judge Patti painstakingly discusses each element of Plaintiff's claims, the deficiencies in Plaintiff's allegations as to each element, and what must be alleged to plausibly support each claim.  In objecting to the R&R, Plaintiff discusses how she intends to cure some deficiencies, although she fails to address them all.  Plaintiff is warned that an amended complaint that does not plausibly plead facts to establish the elements of Plaintiff's claims—as opposed to merely asserting legal conclusions—will not survive Rule 12 review.